EASTERN DIST.
June, 1838.

GARDINER ET AL.
vs.
SMITH.

---

## GARDINER ET AL. vs. SMITH.

APPEAL FROM THE PARISH COURT, FOR THE PARISH AND CITY OF NEW-ORLEANS.

Garnishees cannot claim a privilege or preference on goods attached in their hands, when they have *not made advances on the identical goods* attached.

But where the garnishees are creditors of a firm, whose property is attached in their hands by a creditor of an individual partner of that firm, they will have a preference over the attaching creditor.

Creditors of a *firm* are entitled to be paid by preference out of the partnership effects, over creditors of an individual *parner* of the firm.

EASTERN DIST.
June, 1838.

GARDINER ET AL
vs.
SMITH.

This suit commenced by attachment. The plaintiffs sue as the acceptors of a bill of exchange for four thousand one hundred dollars, drawn by the defendant, who resides in the state of Mississippi. They allege, that they accepted it on the faith of an agreement with the defendant to enter five sections of public land in Mississippi for them, and to the payment of which the funds arising from this bill were to be appropriated. That the defendant improperly applied said funds to other purposes, and thus deceived and injured them. They pray for an attachment against property of the defendant, in the hands of Yerger, Chaffin & Co. of New-Orleans, and that the latter be cited as garnishees to answer under oath, interrogatories, and for judgment for the amount of their debt, with two thousand five hundred dollars in damages.

The agent of the garnishees in the absence of all the partners, answered, that they had no property of the defendant, William F. Smith, individually. That if he is a partner of Turner F. Jack & Co. he has an interest in the supposed property of said firm, taken from the possession of the garnishees by the sheriff, in virtue of process issued in this suit.

That besides this property, there was also in the possession of the garnishees, at the time of serving the attachment, other property of Jack & Co. which has been since taken by the sheriff, in the case of Breedlove against Smith.

The agent of the garnishees, declares, that they have a privilege on all the property and its proceeds, belonging to the firm of Jack & Co., because of certain debts, undertakings, and acceptances for them, amounting to three thousand and seventy-five dollars, which he prays may be allowed them contradictorily with the plaintiffs. The attachment was levied on the 1st of October, 1836, and the answer and claim of the garnishees put in the 7th of the same month.

On the 13th February, 1837, the garnishees commenced an attachment suit against the *firm* of Jack & Co., and levied on the property already in possession of the sheriff; Turner F. Jack intervened and alleged, that the goods under seizure were the property of the firm of T. F. Jack & Co., doing

EASTERN DIST. *June,* 1838.

GARDINER ET AL. *vs.* SMITH.

business at Clinton, in Mississippi, and that they are not liable for the individual debts of W. F. Smith, the defendant in this case, and the only co-partner of the intervenor. That Smith has no interest in the goods susceptible of being attached for his individual debts, because the firm has just commenced business and made no profits; not having received any thing from Smith, and the goods with the other property of the firm, having been all purchased on credit, their value is due and owing to the creditors of the firm. He prays for a liquidation of the partnership of Jack & Co. contradictorily with the plaintiffs and Smith, and that the goods be released from the attachment and surrendered to him, etc.

The plaintiffs pleaded a general denial to the petition in intervention, and averred that the partnership could only be liquidated in Mississippi where it exists, and further, that the intervenor had no right to liquidate as he proposes.

On these pleadings and issues, the case was tried.

Pending these proceedings, on the 8th of January, 1837, the firm of Jack & Co. was dissolved, and Jack sold all his interest in the partnership concerns to Smith and others. The act of sale was offered in evidence.

The parish judge gave judgment for the garnishees, Yerger, Chaffin & Co. on their claim in intervention. The plaintiffs appealed.

*Clark,* for the appellants, maintained :

1. That the intervenors have no privilege, because their attachment being levied on the 13th of February, 1837, was subsequent to the sale from Turner F. Jack, to William F. Smith, which transferred all the property of the firm of Turner F. Jack & Co. to William F. Smith.

2d. That the sale from Turner F. Jack to Smith, dated the 8th of January, 1837, conveyed all the interest and title to the goods in New-Orleans, to William F. Smith, and the subsequent attachment of Yerger, Chaffin & Co. gives them no advantage over the plaintiffs.

3. That the attachment of plaintiffs being prior in date, gives them a preference over the subsequent attachment.

4. That intervenors having delayed judicial proceedings till after the firm of Turner F. Jack & Co. had been dissolved, and its property transferred, they cannot attâch the property in the hands of the vendee, and claim their privilege as creditors of the partnership. If they could not exercise this right over the property in the hands of a third party, a vendee, neither could they in the hands of one of the partners, a vendee of his co-partner. " *Vigilantibus non dormientibus leges subveniunt.*"

5. The claim of intervenors in their answer as garnishees, cannot be sustained, because the advances for which they claim a privilege, were not made on the goods seized by plaintiffs. See *Collins* vs. *Austin, 3 Louisiana Reports,* 301. *Louisiana Code,* 3214.

6. There is no evidence to show that the debt of three thousand and seventy-five dollars claimed by Yerger, Chaffin & Co. from T. F. Jack and Co., was created by advances made on these identical goods.

7. The property attached by intervenors on the 13th of February, 1837, was the individual property of William F. Smith, by virtue of the sale to him of the 8th of the preceding January, made simultaneously with the dissolution of partnership.

*L. Peirce,* for the intervenors and appellees, contended :

1. That as creditors of the partnership, they have privilege upon the property of the partnership, to the exclusion of the creditors of W. F. Smith alone, and no seizure or sale could be made by Gardiner & Watson, of partnership property, except it were subject to the debts of the partnership. *Louisiana Code, article* 2794.

2. When the property of a commercial firm is not more than sufficient to pay the partnership debts, no part of it can be legally applied to the payment of the separate debts of either of the partners. *Hagan et al. vs. Scott,* 10 *Louisiana Reports,* 348.

3. The assignment from Jack to his partner Smith, cannot alter the situation of the case. It is not a sale. There is no price.

4. There is no delivery. At the time of the assignment the property was in the possession of the sheriff. It cannot, therefore, prevent the attachment of the partnership creditors. 4 *Martin*, 25.

5. If there was any real consideration, (for I set aside the giving the partner Jack wages from a blank day to another blank period,) it was that Mr. Smith promised to pay, what he already owed, the partnership debts; so that this debt of Yerger, Chaffin & Co., is part of the consideration to be paid, and is privileged upon the goods as such.

6. No transaction between the two partners can affect their creditors, or make their situation worse.

*Martin, J.,* delivered the opinion of the court.

The plaintiffs are appellants from a judgment which Yerger, Chaffin & Co. obtained as an intervening party against the proceeds of the property attached by the plaintiffs, as that of the defendant.

The appellants contend, that the appellees have no claim on the property, because it was attached after a sale of it by the firm of Turner F. Jack & Co. to the defendant, who, it appears, was a member of this firm up to that time; that the appellees having delayed judicial proceedings, till after the dissolution of the firm, cannot attach the property of the firm in the hands of the vendee, and claim their privilege as creditors of the firm. If they could not exercise this privilege against an ordinary vendee, the circumstance of the vendee having been a partner of the firm, does not place him in a worse condition.

*Garnishees cannot claim a privilege or preference on goods attached in their hands, when they have not made advances on the goods attached.*

The claim of the appellees, in their answer as garnishees, cannot avail, because the advance was not made on the goods attached.

*But where the garnishees are creditors of a firm, whose property is attached in their hands by a creditor of an individual partner of that firm, they will have a preference over the attaching creditor.*

It does not appear to us, that the Parish Court erred; for it is not denied, that the property attached was that of the firm of Turner F. Jack & Co., before it was sold to the defendant, who, with Jack, constituted the firm. But the appellants contend, that before the attachment, the defendant purchased the interest of his co-partner in the affairs of the partnership; and consequently the property attached.

It is not denied that the appellees are creditors of the firm ; as such, they are entitled to be paid by preference, out of the partnership effects. *Louisiana Code,* 2794.

The only question, therefore, is, whether the property attached belonged to the defendant individually, at the period of the plaintiffs' attachment. The appellees contend that it did not, because the partners could not, by any act of theirs, destroy or impair the rights of the creditors of the firm on its effects, and that, if the property passed at all to the defendant, it passed with the burthen which they knew incumbered it. 10 *Louisiana Reports,* 348.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Parish Court be affirmed, with costs.

<div style="margin-left:auto; text-align:right; font-style:italic;">

EASTERN DIST.
June, 1838.

Creditors of a firm, are entitled to be paid by preference out of the partnership effects, over creditors of an individual partner of the firm.